John Zuris, J.
During the course of the trial in the entitled matter, held before the court without jury in the Municipal Building, Village of Herkimer, on April 28, 1960, defendant through counsel moved to dismiss the information, charging him with disorderly conduct in violation of subdivision 2 of section 722 of the Penal Law, on the grounds that the court had no jurisdiction. Defendant cited as authority for his motion the opinion of the Hon. John J. Walsh in People v. McMinn (20 Misc 2d 967, as reported in Official Advance Sheet No. 219 dated April 6, 1960).
The defendant’s motion is denied since his main point was that the present matter was identical to the matter of People v. McMinn (supra) except that the name of “ McPherson ” does not appear in that testimony. This court cannot agree with defense counsel in this respect since the reversal of conviction in People v. McMinn was based solely on the fact that the disorderly acts took place in the presence of the arresting officer only and he, in fact, was the only person offended. The *324 acts were, therefore, not public in nature as required to constitute a crime under the applicable law. The People in the present case have produced sufficient evidence through the testimony of sworn witnesses that there were from 15 to 20 people present in the room both prior to and after the time that the informant, Officer Seth Falzareno, appeared on the scene, and that defendant was so loud and belligerent in tone that they ¡ turned their heads to witness the act. I
It is also significant to the court that there was no defense j offered during the trial to the allegations that the defendant was disorderly .other than he lost his temper after being slapped by Eugenia Manikas, wife of the proprietor of the Empire Diner in which the offense occurred, and that his subsequent actions were perfectly normal under these circumstances.
The court, therefore, finds the defendant guilty as charged and it is adjudged that he pay a fine of $25 and be sentenced to Herkimer County Jail until said fine be paid, not exceeding 25 days; however, since the court feels that defendant was subjected to considerable provocation by the unsubstantiated accusations of and slapping by Eugenia Manikas, execution of sentence is suspended subject to good behavior for six months.